MARY A. REDWINE, administratrix, plaintiff in error, *vs.* W. D. HANCOCK *et al.*, defendants in error.

In a suit by an administratrix on a debt contracted before June, 1865, where it is made to appear that there are no debts, and that the persons entitled to the estate are a widow and minor children, the case is within section fourteen of the Act of October 13, 1870, and no proof of payment of taxes is required.

Relief Act of 1870. Tax. Widows. Minors. Tried before Judge PARROTT. Whitfield Superior Court. April Term, 1871.

Mrs. Redwine, as administratrix of her husband, filed a bill to collect a note due to her husband, and made prior to June, 1865, by Hancock *et al.*, and to enforce a vendor's lien for its amount. She filed no affidavit as to the payment of taxes, and for want of it defendant's counsel moved to dismiss the cause. Her counsel proposed to prove that the estate owed nothing, and that the whole of the debt belonged exclusively to her and her children, and that she was a widow and they were minors, and contended that thus they would bring the case within that class to which said Act was, by its terms not to apply. Section fourteen of said Act is: "nothing in this Act shall be so construed as to effect any claim due any widow or minor contracted prior to June 1st, 1865," etc. The Court dismissed the cause, and that is assigned as error.

W. K. MOORE, for plaintiff in error.

McCUTCHEN & SHUMATE, for defendants.

McCAY, Judge.

The administratrix holds this debt as trustee for the widow and children. They are the true equitable owners of it and nobody else. It can rarely, if ever, happen that a minor is the legal owner of a debt. Almost invariably some person has it in trust for the minor's use, and if the exception in the

Act of 1870, is only to apply to cases where the minor is the legal owner it might as well not have been there.   We have given this Act a liberal construction.   It puts a new duty upon suitors, unknown previously, and it ought not to be extended beyond its legitimate scope.   We think, too, the exceptions ought to be liberally construed.   This note belonging, as the proof shows, equitably to a widow and minor children, it comes within one of the exceptions expressly provided for in the Act of October 13th, 1870.   We think, therefore, the judgment was wrong.